IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TINA STUCKER and ROBERT STUCKER, | ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-1033-GPM |
| | ) |
| BENEVOLENT & PROTECTIVE ORDER OF HERRIN ELKS #1146, ILLINOIS ELKS ASSOCIATION, and BENEVOLENT & PROTECTIVE ORDER OF ELKS OF THE UNITED STATES OF AMERICA, | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the motion to dismiss brought by Defendant Benevolent &

Protective Order of Elks of the United States of America ("BPOEUSA") (Doc. 39) and the motion

to dismiss brought by Defendants Benevolent & Protective Order of Herrin Elks #1146

("BPOE #1146") and Illinois Elks Association ("IEA") (Doc. 46). Also before the Court is

BPOEUSA's motion to strike the response brought by Plaintiffs Tina Stucker and Robert Stucker

to BPOEUSA's motion to dismiss (Doc. 54). It appears from the allegations of the complaint in this

case that Tina Stucker began employment as a janitor for BPOE #1146 in Herrin, Illinois, in

February 2008. Stucker's supervisor was Tom McVey, a trustee of BPOE #1146. According to the

complaint, McVey subjected Stucker to sexually harassing comments, creating a hostile workplace.

It further appears that, when Stucker complained about McVey's conduct to other trustees and

members of BPOE #1146, she was compelled to work without pay and was constructively discharged from her employment with BPOE #1146 in May 2010. Stucker asserts claims for gender discrimination in employment against BPOE #1146, IEA, and BPOEUSA under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981, and the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 *et seq.*, together with a supplemental state-law claim for intentional infliction of emotional distress. Stucker's husband, Robert Stucker, asserts a derivative claim for loss of consortium. BPOE #1146, IEA, and BPOEUSA now seek dismissal of Mr. and Mrs. Stuckers' claims for failure to state a claim upon which relief can be granted. The Court rules as follows.

As an initial matter, the Court notes the standard under which it must evaluate the instant motions to dismiss. In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the Court accepts all well-pleaded allegations in a plaintiff's complaint as true. *See* Fed. R. Civ. P. 12(b)(6); *Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002); *Whitwell v. Wal-Mart Stores, Inc.*, Civil No. 09-513-GPM, 2009 WL 4894575, at *2 (S.D. Ill. Dec. 11, 2009); *S.C. Johnson & Son, Inc. v. Buske*, Civil No. 09-286-GPM, 2009 WL 3010833, at *8 (S.D. Ill. Sept. 17, 2009). The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990); *Payne v. Schneider Nat'l Carriers, Inc.*, Civil No. 09-559-GPM, 2010 WL 685819, at *1 (S.D. Ill. Feb. 22, 2010). A complaint should not be dismissed unless it either fails to provide adequate notice – as has been required consistently under Rule 8 of the Federal Rules of Civil Procedure – or does not contain "enough facts to state a claim to relief that is plausible on its face," that is, the claim has not been "nudged . . . across the line from conceivable to

plausible[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *James v. Illinois Sexually Dangerous Persons Act*, Civil No. 09-40-GPM, 2009 WL 2567910, at *2 (S.D. Ill. Aug. 19, 2009) (quoting *Bell Atl.*, 550 U.S. at 555) (brackets, citations, and internal punctuation omitted).

To establish a prima facie case of employment discrimination under Title VII, Mrs. Stucker must establish the following elements: (1) she is a member of a protected class; (2) she was meeting her employer's legitimate performance expectations; (3) she suffered an adverse employment action; and (4) she was treated less favorably than similarly-situated individuals who are not members of her protected class. *See Barricks v. Eli Lilly & Co.*, 481 F.3d 556, 559 (7th Cir. 2007); *Ptasznik v. St. Joseph Hosp.*, 464 F.3d 691, 696 (7th Cir. 2006); *Whittaker v. Northern Ill. Univ.*, 424 F.3d 640, 647 (7th Cir. 2005); *Ballance v. City of Springfield*, 424 F.3d 614, 617 (7th Cir. 2005); *Mason v. City of Chicago*, 436 F. Supp. 2d 946, 953 (N.D. Ill. 2006).[1] Similarly, to establish a prima facie case of sex discrimination under the IHRA, Stucker must prove that: (1) she is a member of a protected class; (2) she was performing her job satisfactorily; (3) she was discharged despite the

---

1.    To the extent Mrs. Stucker is attempting to assert a claim under 42 U.S.C. § 1981, that statute applies by its terms only to discrimination in the making of contracts based on race or alienage, not gender discrimination. *See Runyon v. McCrary*, 427 U.S. 160, 167 (1976); *St. Louis v. Alverno Coll.*, 744 F.2d 1314, 1317 (7th Cir. 1984). Employment at-will generally is recognized to provide a sufficient contractual relationship to support a Section 1981 claim for employment discrimination. *See Stone v. American Fed'n of Gov't Employees*, 135 F. Supp.2d 873, 875-76 (N.D. Ill. 2001); *Riad v. 520 South Mich. Ave. Assocs. Ltd.*, 78 F. Supp. 2d 748, 754 (N.D. Ill. 1999). However, there is nothing in the complaint in this case to suggest that Mrs. Stucker was discriminated against on the basis of her race or nationality.

adequacy of her work; and (4) similarly situated employees who were not members of the protected group were not discharged.  *See Anderson v. Chief Legal Counsel, Ill. Dep't of Human Rights*, 778 N.E.2d 258, 262 (Ill. App. Ct. 2002); *Kalush v. Illinois Dep't of Human Rights Chief Legal Counsel*, 700 N.E.2d 132, 141 (Ill. App. Ct. 1998); *Southern Ill. Clinic, Ltd. v. Human Rights Comm'n*, 654 N.E.2d 655, 659-60 (Ill. App. Ct. 1995); *ISS Int'l Serv. Sys., Inc. v. Illinois Human Rights Comm'n*, 651 N.E.2d 592, 597 (Ill. App. Ct. 1995); *Marinelli v. Human Rights Comm'n*, 634 N.E.2d 463, 469 (Ill. App. Ct. 1994).   However, to plead adequately a claim of gender discrimination, Stucker must allege rather less.

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff in an employment discrimination case need not allege facts corresponding to each element of a prima facie case of gender discrimination.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002) ("The prima facie case [of employment discrimination] . . . is an evidentiary standard, not a pleading requirement.").  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'  Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl.*, 550 U.S. at 555). In short, fact pleading not required in federal court.  In the specific context of claims of employment discrimination, the United States Court of Appeals for the Seventh Circuit instructed recently that "a plaintiff alleging employment discrimination . . . may allege these claims quite generally." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).  "A complaint need not 'allege all, or *any*, of the facts logically entailed by the claim,' and it certainly need not include evidence."  *Id*. (quoting *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998)) (emphasis in original).  "Indeed,

'litigants are entitled to discovery before being put to their proof, and treating the allegations of the complaint as a statement of the party's *proof* leads to windy complaints and defeats the function of Federal Rule of Civil Procedure Rule 8'" *Id*. (emphasis in original) (brackets omitted).  The *Tamayo* court proceeded to "reaffirm[ ] the minimal pleading standard for simple claims of race or sex discrimination." *Id*. at 1084.  Under that minimal pleading standard, "in order to prevent dismissal under Rule 12(b)(6), a complaint alleging [employment] discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex." *Id*.  "[O]nce a plaintiff alleging illegal discrimination has clarified that it is on the basis of her [protected status], there is no further information that is both easy to provide and of clear critical importance to the claim." *EEOC v. Concentra Health Servs., Inc*., 496 F.3d 773, 782 (7th Cir. 2007).  Here, Mrs. Stucker's allegations more than satisfy the *Tamayo* standard by pleading enough facts to state a plausible claim for discrimination on the basis of her gender.  *See Tamayo*, 526 F.3d at 1085-86 (the plaintiff adequately stated a gender-discrimination claim sufficient to withstand Rule 12(b)(6) scrutiny where she alleged that she is female, she suffered an adverse employment action, the defendant discriminated against her based on her gender, and similarly-situated male employees were treated more favorably).  The Court concludes that Mrs. Stucker has pled enough facts to show that her claim of gender discrimination in violation of Title VII and the IHRA indeed is plausible and to "provide the defendants with sufficient notice to begin to investigate and defend against her claim." *Id*. at 1085.

The Court turns next to the matter of Mrs. Stucker's state-law claim for intentional infliction of emotional distress and Mr. Stucker's claim for loss of consortium.  The Court concludes that Mrs. Stucker's claim for intentional infliction of emotional distress is preempted by the IHRA.  The

IHRA contains a preemption provision which states: "Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS 5/8-111(D). The statute provides also that "[i]t is a civil rights violation . . . [f]or any employer, employee, [or] agent of any employer . . . to engage in sexual harassment[.]" 775 ILCS 5/2-102(D). The effect of these two provisions read in pari materia is that sexual harassment constitutes a civil rights violation under Illinois law for which a plaintiff may seek a remedy only according to the IHRA. Although it can be difficult to determine whether a specific state common-law claim falls within the category of a civil rights violation preempted by the IHRA, in *Geise v. Phoenix Co. of Chicago, Inc.*, 639 N.E.2d 1273 (Ill. 1994), the court found that the plaintiff's common-law claims "inextricably linked" to sexual harassment were civil rights violations covered by the IHRA. *Id.* at 1277. Correspondingly, courts typically dismiss as preempted by the IHRA state-law claims for intentional infliction of emotional distress arising from alleged sexual harassment. *See, e.g., Jimenez v. Associated Agencies, Inc.*, No. 94 C 4677, 1996 WL 521402, at *7 (N.D. Ill. Sept. 11, 1996); *Drago v. Davis*, No. 96 C 2398, 1996 WL 479696, at **1-3 (N.D. Ill. Aug. 20, 1996). The Court will dismiss Mrs. Stucker's claim for intentional infliction of emotional distress as preempted by the IHRA. Because Mr. Stucker's claim for loss of consortium is wholly derivative of his wife's IHRA-preempted claim, Mr. Stucker's claim must be dismissed as well. *See Johnson v. C&L, Inc.*, No. 95C6381, 1996 WL 308282, at *5 (N.D. Ill. June 6, 1996) ("[L]ike the day follows the night, consortium claims generally follow their predicate claims into [IHRA] preemption.").[2]

---

2.     Neither Title VII nor the IHRA permits recovery of damages for loss of consortium for violations of those statutes. *See Doe v. R.R. Donnelley & Sons Co.*, 843 F. Supp. 1278, 1284 (S.D. Ind. 1994); 775 ILCS 5/8B-104.

The Court turns finally to the issue of whether IEA and BPOEUSA are proper parties to this suit. In general, an employee can only bring a Title VII claim against the employee's employer. *See* 42 U.S.C. § 2000e-2(a). Under Title VII, an employee is defined, rather circularly, as "an individual employed by an employer[.]" 42 U.S.C. § 2000e(f).[3] To determine if a plaintiff is an employee of an employer, the United States Court of Appeals for the Seventh Circuit employs a five-factor test based on common-law principles of agency that requires courts to examine: (1) the extent of the employer's control and supervision over the worker, including directions on scheduling and performance of work; (2) the kind of occupation and nature of skill required, including whether skills are obtained in the workplace; (3) responsibility for the costs of operation, such as equipment, supplies, fees, licenses, workplace, and maintenance of operations; (4) method and form of payment and benefits; and (5) length of job commitment and/or expectations. *See Hojnacki v. Klein-Acosta*, 285 F.3d 544, 549-50 (7th Cir. 2002) (citing *Alexander v. Rush N. Shore Med. Ctr.*, 101 F.3d 487, 492 (7th Cir. 1997)). The employer's right to control the worker's actions is the most important factor. *See Knight v. United Farm Bureau Mut. Ins. Co.*, 950 F.2d 377, 378

---

3.       Under the IHRA, an "employee" is defined somewhat differently than under Title VII. Specifically, the IHRA provides, in relevant part, that, for purposes of the statute, an "employee" means "(a) Any individual performing services for remuneration within this State for an employer; (b) An apprentice; [and] (c) An applicant for any apprenticeship." 775 ILCS 5/2-101(A). A person seeking relief under the IHRA may bring suit only against his or her employer. *See Aero Servs. Int'l, Inc. v. Human Rights Comm'n*, 684 N.E.2d 446, 452-53 (Ill. App. Ct. 1997). The Illinois state courts do not appear to have developed a fixed test for determining whether an entity is an employer within the meaning of the IHRA, and sister federal courts in this Circuit typically analyze whether a defendant is an employer for purposes of Title VII and the IHRA in the same way. *See, e.g., Krause v. Turnberry Country Club*, 571 F. Supp. 2d 851, 856-57 (N.D. Ill. 2008). *See also Faulkner-King v. Department of Human Rights*, 587 N.E.2d 599, 602 (Ill. App. Ct. 1992) ("It is appropriate to examine Federal decisions in the fair employment field because of the similarities between the Federal and Illinois enactments"). Accordingly, the Court will employ the same test in analyzing whether, at the pleading stage, IEA and BPOEUSA may be deemed employers within the meaning of Title VII and the IHRA.

(7th Cir. 1991).  Accordingly, "[i]f an employer has the right to control and direct the work of an individual, not only as to the result to be achieved, but also as to the details by which that result is achieved, an employer/employee relationship is likely to exist."  *Ost v. West Suburban Travelers Limousine, Inc.*, 88 F.3d 435, 439 (7th Cir. 1996) (quoting *Spirides v. Reinhardt*, 613 F.2d 826, 831-32 (D.C. Cir. 1979)).  Additionally, the Seventh Circuit Court of Appeals has held that multiple entities may be considered an employee's "employer" for the purposes of Title VII liability. *See, e.g., Tamayo*, 526 F.3d at 1088 (quoting *Worth v. Tyer*, 276 F.3d 249, 259 (7th Cir. 2001)) ("[A]ny of the Affiliates that possibly maintained an employment relationship with [the plaintiff] may be named as a defendant under Title VII").  The Seventh Circuit Court of Appeals has identified three ways in which certain affiliated corporate entities can be considered proper Title VII defendants.  First, any of the entities that maintained an employment relationship with the plaintiff could be named as a defendant under Title VII.  *See Worth*, 276 F.3d at 259 (citing *Knight*, 950 F.2d at 380).  Second, any of the entities found to have forfeited its limited liability could be considered a proper Title VII defendant.  *See id*. (citing *Papa v. Katy Indus., Inc.*, 166 F.3d 937, 941 (7th Cir. 1999)).  "The most common way for an affiliated corporation to forfeit its limited liability is through 'piercing the corporate veil,' whereby corporate formalities are ignored and the actions of one company can accrue to another."  *Id*. at 259-60.  The third way to find that affiliated corporate entities are proper Title VII defendants is when an entity has succeeded to its predecessor's liability. "When the successor company knows about its predecessor's liability, knows the precise extent of that liability, and knows that the predecessor itself would not be able to pay a judgment obtained against it, the presumption should be in favor of successor liability[.]"  *Id*. at 260 (quoting *EEOC v. Vucitech*, 842 F.2d 936, 945 (7th Cir. 1988)).

Both BPOEUSA and IEA have submitted evidence outside the pleadings to show that they are not Mrs. Stucker's employers. However, "[a]s a general rule, on a Rule 12(b)(6) motion, the court may consider only the plaintiff's complaint." *Rosenblum v. Travelbyus.com Ltd*., 299 F.3d 657, 661 (7th Cir. 2002). There is an exception to this rule that permits a court, in ruling on a motion to dismiss, to treat as part of the pleadings documents that are "referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *188 LLC v. Trinity Indus., Inc*., 300 F.3d 730, 735 (7th Cir. 2002). This exception does not apply in this case. Thus, the Court has not considered evidence outside the pleadings in ruling on the instant motions to dismiss.[4] It is within the Court's power, of course, to convert a Rule 12(b)(6) motion to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). In this instance, however, it is unnecessary for the Court to do so because BPOEUSA already has filed a motion for summary judgment that will resolve the issue of whether any entities affiliated with BPOE #1146 may be deemed to be Mrs. Stucker's employers. At this juncture, the Court is satisfied that Mrs. Stucker's allegations of gender discrimination are sufficient to withstand Rule 12(b)(6) scrutiny. For example, while the Court recognizes the primacy of the doctrine of separate corporate identity, the Court is not aware of any requirement that a plaintiff plead facts to establish grounds for piercing the corporate veil. *See Ishkhanian v. Forrester Clinic S.C.*, No. 02 C 9339, 2003 WL 21479072, at *3 (N.D. Ill. June 25, 2003) ("[I]n order for the claim to withstand a motion to dismiss for failure to state a claim in federal court, no substantial

---

4.     Because the Court has not considered the evidence outside the pleadings submitted by BPOEUSA and IEA in support of their motions to dismiss, the Court finds as moot BPOEUSA's motion to strike Mr. and Mrs. Stuckers' response to BPOEUSA's motion to dismiss (Doc. 54). The basis for BPOEUSA's motion to strike is that Mr. and Mrs. Stucker have misconstrued the affidavit proffered by BPOEUSA in support of its motion to dismiss. However, because the Court has not considered the affidavit at issue in ruling on BPOEUSA's motion to dismiss, BPOEUSA's motion to strike is moot.

showing of fact [regarding piercing the corporate veil] is demanded.") (quotation marks omitted); *Steel Warehouse of Wis., Inc. v. Caterpillar, Inc.*, No. 90 C 20053, 1990 WL 304266, at *2 (N.D. Ill. Nov. 13, 1990) (a complaint was not subject to dismissal merely because it did not plead the elements that must be proved to pierce the corporate veil under Illinois law).  Although the Court will give close scrutiny to Mrs. Stucker's gender discrimination claims against BPOEUSA and IEA at the summary judgment stage, the Court concludes that those claims are not subject to dismissal at the pleading stage.  The request by BPOEUSA and IEA for dismissal of Mrs. Stucker's Title VII and IHRA claims against them will be denied at this time.

To conclude, the motion to dismiss brought by BPOEUSA (Doc. 39) and the motion to dismiss brought by BPOE #1146 and IEA (Doc. 46) are **GRANTED in part** and **DENIED in part**. Mrs. Stucker's claim under 42 U.S.C. § 1981 is **DISMISSED**; likewise, Mrs. Stucker's claim under Illinois law for intentional infliction of emotional distress is **DISMISSED** on grounds of IHRA preemption.  Correspondingly, Mr. Stucker's derivative claim for loss of consortium based upon his wife's state-law claim for intentional infliction of emotional distress is **DISMISSED**, and the Clerk of Court is directed to terminate Mr. Stucker as a party to this litigation on the electronic docket of the case.  In all other respects, the motions to dismiss are **DENIED**.  Finally, BPOEUSA's motion to strike Mr. and Mrs. Stuckers' response to BPOEUSA's motion to dismiss (Doc. 54) is **DENIED as moot**.

**IT IS SO ORDERED.**

DATED:  January 11, 2012

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge